MENEFEE ET AL., APPELLEES, *v.* CITY OF CINCINNATI ET AL., APPELLANTS.

(No. 8548—Decided April 27, 1959.)

*Mr. John W. Hudson,* for appellees.

*Mr. James W. Farrell, Jr.,* and *Miss Isabel Guy,* for appellants.

*Per Curiam.* This is an appeal on questions of law and fact from a judgment enjoining an assessment on plaintiffs' property for the widening of Seventh Street, from Main Street to Broadway, the building of a ramp from the intersection of Broadway and Seventh Street to the Gilbert Avenue viaduct, and the paving of old Seventh Street to the eastward, at its then width, together with incidental accessories.

The plaintiffs' property is so situated on the north side of the ramp that it has no access whatever to the widened Seventh Street, and no access to the old Seventh Street to the eastward, except by means of an easement of travel under the ramp over property which defendant acquired from the plaintiffs. This easement is ten feet wide and extends from the plaintiffs' property, which the defendant claims the right to assess, to old Seventh Street on a curving line under the viaduct.

It is thus seen that the only connection between the plaintiffs' property and Seventh Street is this easement, which the defendant granted to the plaintiffs.

By the terms of legislation providing for the improvement of Seventh Street, special benefits therefrom were to be recouped by special assessment against the property that "bounded and abutted" upon Seventh Street.

By limiting the assessment to the property that bounded and abutted on the improvement, there must have been a finding that resulting benefits did not extend beyond the abutting property. Otherwise, presumptively, at least, an assessment over a wider area—a described district—would have been imposed.

The question therefore which is decisive of this case is whether the plaintiffs' property "bounds and abuts" on this improvement. As already stated, the only relation which plaintiffs' physical property has to the Seventh Street improvement is an easement. Does that make it abut? We think it does not. An easement is incorporeal. It cannot abut anything. By bounding and abutting under the assessment laws of Ohio is meant a physical contact between the improvement and the assessed property. It is defendant's land that abuts Seventh Street at this point.

In addition, the plaintiffs assert that no special benefit accrued to its property by this improvement.

Both the assessing board and the equalizing board found that benefits had accrued and a court would not be justified in disturbing their finding on a mere difference of opinion. Great weight must be given to their conclusion. It is primarily a legislative question. But the special benefits are expressly limited to the property that "abounds and abuts" and under the legislation of council could not be imposed on any other. If a different plan had been followed, an enlarged area might have been included, provided the special benefits extended beyond the abutting property.

For these reasons, and the reasoning stated by Judge Weber in the trial court, we find for the plaintiffs.

*Judgment accordingly.*

MATTHEWS, P. J., LONG and O'CONNELL, JJ., concur.